**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DULCE MARIA GUTIERREZ, | No.   16-73841 |
| Petitioner, | Agency No. A200-074-592 |
| v. |  |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2020[**]

Before:     FARRIS, D.W. NELSON, and SILVERMAN, Circuit Judges.

Dulce Maria Gutierrez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for withholding of removal and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Gutierrez's testimony and declaration as to the incident of harm that she allegedly suffered in Mexico. *See id.* at 1048 (adverse credibility determination reasonable under the totality of the circumstances). Substantial evidence also supports the agency's determination that Gutierrez's corroborative evidence did not otherwise establish her eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to rehabilitate petitioner's testimony or independently support claim). Gutierrez's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, Gutierrez's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Gutierrez's CAT claim because it is based on the same evidence the agency found not credible, and Gutierrez does not point to any other evidence in the record that compels the conclusion that it is more likely than not that she would be tortured by, or with the consent or acquiescence of, the government if returned to Mexico. *See Almaghzar*

*v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**